1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7

8

9    CHRISTOPHER KIRK ROBINSON,    )    3:11-cv-00520-LRH (WGC)
                                    )
10            Plaintiff,            )    **REPORT AND RECOMMENDATION**
                                    )    **OF U.S. MAGISTRATE JUDGE**
11        vs.                       )
                                    )
12    BRIAN WILLIAMS, *et. al.*     )
                                    )
13            Defendants.           )
      _____)

14

15         This Report and Recommendation is made to the Honorable Larry R. Hicks, United

16    States District Judge. The action was referred to the undersigned Magistrate Judge pursuant

17    to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is

18    Defendant Lee Griggs' Motion to Dismiss. (Doc. # 32.)[1] Plaintiff opposed (Doc. # 36) and

19    Defendant replied (Doc. # 37). After a thorough review, the court recommends that

      Defendant's motion be granted.

20

21                                  **I. BACKGROUND**

22         At all relevant times, Plaintiff Christopher Kirk Robinson was an inmate in custody of

23    the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 8-1) at 2.) The events

24    giving rise to this litigation took place while Plaintiff was housed at Southern Desert

25    Correctional Center (SDCC). (*Id.* at 2, 7-23.) Plaintiff, a *pro se* litigant, brings this action

26    pursuant to 42 U.S.C. § 1983. (*Id.* at 1.) Defendant is Lee Griggs. (*See* Screening Order (Doc.

      # 8) at 5, 10.)

27

28    _____
              [1] Refers to court's docket number.

1    On screening, the court determined that Plaintiff states a colorable claim against

2  Defendant for violation of his procedural due process rights under the Fourteenth Amendment

3  in connection with a disciplinary hearing conducted on May 19, 2010. (Screening Order (Doc.

4  # 8) at 5.) Plaintiff alleges that Defendant refused to permit any of Plaintiff's requested

5  witnesses during his disciplinary hearing, and that there was no evidence of the rule violations

6  of which he was convicted. (Doc. # 8-1 at 19-23.)

7    Defendant moves to dismiss Plaintiff's Complaint arguing that Plaintiff failed to exhaust

8  his administrative remedies prior to filing the Complaint.  (Doc. # 32.)

9                                    **II.  LEGAL STANDARD**

10    The PLRA provides that "[n]o action shall be brought with respect to prison conditions

11  under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

12  prison, or other correctional facility until such administrative remedies as are available are

13  exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies

14  irrespective of the forms of relief sought and offered through administrative avenues. *Booth*

15  *v. Churner*, 532 U.S. 731, 741 (2001). The Supreme Court has clarified that exhaustion cannot

16  be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the

17  PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper

18  exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the

19  agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022,

20  1024 (7th Cir. 2002)) (emphasis in original).

21    This court has interpreted Justice Alito's majority opinion in *Woodford* as setting forth

22  two tests for "proper exhaustion": (1) the "merits test," satisfied when a plaintiff's grievance is

23  fully addressed on the merits by the administrative agency and appealed through all the

24  agency's levels, and (2) the "compliance test," satisfied when a plaintiff complies with all critical

25  procedural rules and deadlines. *Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134 (D. Nev. 2006).

26  "A finding that a plaintiff has met either test is sufficient for a finding of 'proper exhaustion.'

27  Defendants must show that Plaintiff failed to meet both the merits and compliance tests to

28

1    succeed in a motion to dismiss for failure to exhaust administrative remedies." *Id.*

2            The failure to exhaust administrative remedies is treated as a matter in abatement and

3    is properly raised in an unenumerated Rule 12(b) motion to dismiss. *Wyatt v. Terhune*, 315

4    F.3d 1108, 1119 (9th Cir.2003). Failure to exhaust administrative remedies is an affirmative

5    defense, and defendants bear the burden of raising and proving failure to exhaust. *Id.* A court,

6    in deciding a motion to dismiss based on exhaustion, may look beyond the pleadings and decide

7    disputed issues of fact without converting the motion into one for summary judgment. *Id.*

8    (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir.

9    1988) (per curiam)). If a court concludes that the prisoner bringing a suit has failed to exhaust

10   nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* at

11   1120.

12           For prisoners within the NDOC system, exhaustion of administrative remedies requires

13   complying with the inmate grievance procedure set forth in NDOC Administrative Regulation

14   (AR) 740. (Doc. # 32 at 3-4; Doc. # 32-2 at 2-13 (Ex. A).) Under the version of AR 740 effective

15   during the time period in question, the procedure consisted of: (1) an informal level grievance;

16   (2) a first level grievance; and (3) a second level grievance. (*Id.*)

17                                    **III. DISCUSSION**

18           According to Defendant, Plaintiff has only filed three grievances that can be said to have

19   addressed the subject disciplinary hearing: (1) Grievance Number 2006-28-98827 (Doc. # 32-2

20   at 15-62); (2) Grievance Number 2006-29-03157 (Doc. # 32-3 at 2-40); and (3) Grievance

21   Number 2006-29-04400 (Doc. # 32-4 at 2-13). (*See* Doc. # 32 at 4; Doc. # 32-1 (Burson Decl.)

22   at 4 ¶ 9; Doc. # 32-1 (Byrne Decl.) at 6 ¶ 9.) Plaintiff, on the other hand, asserts that the only

23   grievance relevant to this action is Grievance Number 2006-28-98827. (Doc. # 36 at 1-9.) He

24   argues that he properly exhausted his administrative remedies with respect to this grievance.

25   (*Id.*)

26   ///

27   ///

28

**A.  Grievance Number 2006-28-98827**

According to Defendant, disciplinary appeals are channeled through the grievance process, and after a disciplinary hearing, an inmate can appeal a disciplinary decision by simultaneously filing an informal and first level grievance. (Doc. # 32 at 4.) The informal level grievance is essentially filed for tracking purposes. (*Id*.) If the disciplinary hearing officer's findings are upheld under the informal and first level, the inmate can appeal the denial of his disciplinary appeal to the second level of the grievance process. (*Id*.) Defendant asserts that with respect to Grievance Number 2006-28-98827, Plaintiff failed to submit a first level grievance and include an informal level grievance for tracking purposes. (*Id.* at 5.) Defendant contends that Plaintiff attempted to correct the deficiency by filing a first level grievance, but the first level grievance was not accepted as a result of Plaintiff's inclusion of multiple offenses. (*Id*.) Plaintiff filed a second level grievance on October 14, 2010, attempting to explain why he included information regarding multiple offenses, but the second level grievance was rejected stating that Plaintiff failed to submit acceptable informal or first level grievances and that he had exceeded the time frame for a disciplinary appeal. (*Id*.)

Defendant is correct that AR 740 provides that the grievance process may be used to address disciplinary appeals. (Doc. # 32-2 at 3, AR 740.03.1.) AR 740 provides that "[w]hen an issue goes directly to the Warden (first level) for a decision such as disciplinary appeals...the inmate shall file an Informal Grievance form for tracking purposes." (Doc. # 32-2 at 7 AR 740.05.10.) An informal level grievance related to a disciplinary issue is required to be filed within ten days.  (Doc. # 32-2 at 6 AR 740.05.4.B.) Failure to submit a proper informal level grievance form constitutes abandonment of the grievance at all levels. (*Id.* AR 740.05.8.) The inmate must file an appeal of the informal level or first level grievance within five days of receiving the response. (*Id.* at 7-8 AR 740.05.12.A, 740.06.4.A.) Additionally, it is considered abuse of the inmate grievance procedure to include two or more issues in a single grievance. (*Id.* at 9-10 AR 740.09.2.F.) If an inmate files a grievance including two or more issues, the assigned caseworker is to return a copy of the improper grievance to the inmate along with

4

Form DOC-3098, Improper Grievance Memorandum, noting the specific violation. (*Id.* at 10 AR 740.09.3.A.)  The inmate is not given additional time to resubmit the grievance in proper form, and if the inmate fails to resubmit the grievance in proper form within the prescribed time frame, he will be considered to have abandoned the grievance. (*Id.* AR 740.09.4.A.)  If the time frame has been exhausted prior to the inmate receiving Form DOC-3098, the inmate has five days from the date it was received to resubmit the grievance. (*Id.* AR 740.09.4.B.)

Plaintiff filed an informal level grievance dated May 24, 2010. (Doc. # 32-2 at 32-47.) It was rejected as improper, stating: "Grievance not accepted.  Disciplinary appeals must include all of the following: (1) Informal Grievance; (2) First Level Grievance; (3) Copy of all pages of notice of charges.  You may re-submit your grievance after correcting the above deficiencies.  Failure to re-submit the grievance through the prescribed timeframe shall constitute abandonment." (*Id.* at 31.)

Plaintiff filed another informal level grievance dated August 9, 2010. (Doc. # 32-2 at 48-60.)

Plaintiff filed a first level grievance dated August 28, 2010, related to his disciplinary appeal. (Doc. # 32-2 at 23-29.)  The grievance was rejected as improper, stating: "You are out of time frame for filing a disciplinary appeal.  You have NOC forms in here with 2 different OIC #.  You may re-submit your grievance after correcting the above deficiencies.  Failure to re-submit the grievance through the prescribed timeframe shall constitute abandonment." (Doc. # 32-3 at 22.)

Plaintiff filed a second level grievance dated October 14, 2010, stating that he disagreed with the response to the previous level grievance. (Doc. # 32-2 at 17-21.)

In response to his second level grievance, the prison stated: "You have not had an acceptable informal or first level grievance so therefore you cannot go to the second level at this time.  You are out of timeframe for the disciplinary appeal.  Your hearing was in May this is November.  You also have NOC with 2 different OIC #'s." (Doc. # 32-2 at 15.)

As indicated above, "proper exhaustion" requires that Plaintiff properly utilize all steps

1    held out to him by NDOC.  *See Woodford*, 548 U.S. at 89 (citation omitted).  This includes

2    "compliance with an agency's deadlines and other critical procedural rules." *Id*.  at 90.

3        Under AR 740, Plaintiff was required to submit an informal level grievance for tracking

4    purposes as well as a first level grievance concerning his disciplinary hearing.  Plaintiff failed

5    to do so.  Instead, he submitted an informal level grievance only on May 24, 2010.  When it was

6    rejected as improper on May 27, 2010, he did not file any additional grievance forms until

7    August 9, 2010, and once again, he failed to submit both the informal level and first level

8    grievance forms.  Not only was Plaintiff's attempt to correct the deficiencies in his grievance

9    filings untimely, but he failed once again to comply with the requirements of AR 740.

10   Moreover, when he filed his first level grievance, it improperly addressed multiple issues, which

11   is prohibited by AR 740.  Accordingly, the court finds that Plaintiff did not properly exhaust his

12   administrative remedies with respect to Grievance Number 2006-28-98827**.**

13   **B.  Grievance Number 2006-29-03157**

14       Defendant asserts that Plaintiff filed an informal level grievance addressing the

15   disciplinary appeal, but this grievance was rejected because it addressed multiple issues,

16   including an overdue grievance and missing property. (Doc. # 32 at 5-6.)  Plaintiff went ahead

17   and submitted a first level grievance, explaining why he included the additional issues.  (*Id*.

18   at 6.)  This grievance was also rejected because Plaintiff did not include an accepted informal

19   grievance and response.  (*Id*.)  Plaintiff did not submit a proper informal level grievance.  (*Id*.)

20   Nor did he file a second level grievance.  (*Id*.)

21       Defendant is correct that Plaintiff filed an informal level grievance dated August 9, 2010.

22   (Doc. # 32-3 at 9-40.) The grievance was not accepted because Plaintiff addressed more than

23   one issue.  (*Id*. at 7.)  Plaintiff was instructed to resubmit the grievance correcting the

24   deficiencies within the prescribed time frames.  (*Id*.)  Instead of resubmitting the informal level

25   grievance as directed, Plaintiff filed a first level grievance explaining why his informal level

26   grievance addressed the disciplinary appeal and a property issue.  (*Id*. at 3-6.)  The first level

27   grievance was not accepted, and Plaintiff was notified that he must include a first level

28

grievance, an accepted informal level grievance, and an informal level grievance response. (*Id.* at 2.) Plaintiff failed to file proper informal and first level grievances. Even if his informal and first level grievances had been properly filed, he failed to file a second level grievance. Accordingly, he cannot be said to have exhausted his administrative remedies with respect to Grievance Number 2006-29-03157.

**C.  Grievance Number 2006-29-04400**

Defendant argues that in this grievance, Plaintiff stated that he disagreed with the response to Grievance Number 2006-28-98827, and wanted to call his attorney. (Doc. # 32 at 6.) Plaintiff did not submit a first or second level grievance. (*Id.*)

This is corroborated by the documentation submitted by Defendant. (*See* Doc. # 32-4 at 3-13.) Plaintiff failed to complete the grievance process with respect to Grievance Number 2006-29-04400. Accordingly, it does not satisfy Plaintiff's exhaustion requirements.

**D.  Conclusion**

Having failed to exhaust available administrative remedies, Plaintiff's Complaint should be dismissed without prejudice.

///

///

///

///

///

///

///

///

///

///

///

///

**IV. RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order that Defendant's Motion (Doc. # 32) be **GRANTED**.

The parties should be aware of the following:

1.      That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: August 1, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

8