# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER KIRK ROBINSON, ) | 3:11-cv-00520-LRH (WGC) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| BRIAN WILLIAMS, *et. al.* ) | |
| Defendants. ) | |

Before the court is Defendant's Motion to Strike "Plaintiff's Motion in Support to his Opposition to Defendants' Motion to Dismiss." (Doc. # 40.)[1]

Defendant filed a Motion to Dismiss Plaintiff's Complaint on the basis that Plaintiff failed to exhaust his administrative remedies. (Doc. # 32.) Plaintiff opposed the motion (Doc. # 36) and Defendant filed a reply brief (Doc. # 37). After the close of briefing, Plaintiff filed a document titled "Plaintiff's Motion in Support to His Opposition to Defendant's Motion to Dismiss." (Doc. # 39.) This document can be viewed as a response to Defendants' reply brief. Defendant moves to strike Plaintiff's filing, arguing that it is not contemplated by the Local Rules. (*See* Doc. # 40 at 2.)

Defendant is correct that Local Rule 7-2 only permits the filing of a motion, response, and reply brief, unless otherwise ordered by the court. L.R. 7-2(a)-(c). Nothing in Rule 7-2 contemplates the filing of a response to a reply brief without leave of court. While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike "redundant, immaterial,

---
[1] Refers to court's docket number.

1  impertinent, or scandalous matter[s]" from a *pleading*, it does not authorize the court to strike
2  material contained in other documents filed with the court. *See* Fed. R. Civ. P. 12(f).
3  Nevertheless, courts have inherent powers to control their dockets, *see Ready Transp., Inc.*
4  *v. AAR Mfg, Inc.*, 627 F.3d 402, 404 (citations omitted), and to "achieve the orderly and
5  expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "This
6  includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*,
7  627 F.3d at 404 (citations omitted).
8       Plaintiff's filing (Doc. # 39) is not contemplated by the Local Rules, and he did not seek
9  leave of court prior to its filing; therefore, the court exercises its inherent authority to strike the
10 document. Accordingly, Defendant's motion (Doc. # 40) is **GRANTED**.

14 DATED: August 1, 2012.

16                                      WILLIAM G. COBB
                                     UNITED STATES MAGISTRATE JUDGE

2